UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNICARE LIFE & HEALTH
INSURANCE COMPANY,

       Plaintiff,                                       No. 13-12681

v.                                               District Judge Mark A. Goldsmith
                                                  Magistrate Judge R. Steven Whalen

BARRY McCUNE, ET AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

      This case arises out of a Complaint in Interpleader filed on June 18, 2013, by Plaintiff Unicare Life & Health Insurance Company ("UniCare"). Defendants Barry McCune, Wayne Gordon McCune, Wayne McCune II, Benjamin McCune, and minors A.G.M., I.G.M. and V.M.M. assert competing claims to life insurance proceeds held by Plaintiff Unicare. Unicare has filed a Motion for Granting of Interpleader, Deposit of Disputed Funds Less Attorneys' Fees, and Dismissal [Doc. #21]. Because the relief requested includes dismissal of a party, I must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and I recommend that the Motion be GRANTED.

                                         **I.   DISCUSSION**

      On September 12, 2013, I entered an order requiring that "any Defendants who oppose any relief requested in UniCare's Motion for Granting Interpleader shall file a response on or before September 24, 2013." [Doc. #23]. No Defendants have filed a response to the motion, and there appears to be no opposition to UniCare's request to deposit the disputed insurance funds ($60,500.00) with the Clerk, plus any applicable

interest, and minus its attorney fees of $3,750.00, and to dismiss Unicare from this action.

Plaintiff has met the interpleader requirements of Fed.R.Civ.P. 22(a), in that Defendants are "[p]ersons with claims that may expose a plaintiff to double or multiple liability...." Specifically, Defendants have each made a claim to the death benefits payable under a policy insuring the life of Sheryl McCune, either individually or on behalf of minor children A.G.M., I.G.M., and V.M.M. Under these circumstances, this Court "may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead...." *United States v. High Technology Products, Inc.*, 497 F.3d 637, 641 (6th Cir. 2007), quoting 7 Wright, Miller, & Kane, Federal Practice and Procedure, § 1714 (3d ed. 2001).

In addition, "an interpleading party is entitled to recover costs and attorney's fees when it is (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into the court, and (4) has sought a discharge from liability." *Holmes v. Artists Rights Enforcement Corp.*, 148 Fed.App'x 252, 259 (6th Cir. 2005).

## II. CONCLUSION

There being no opposition, and Plaintiff having met all the requirements of Rule 22, I therefore recommend as follows:

(1) That Plaintiff UniCare's Motion [Doc. #21] be GRANTED.

(2) That Plaintiff UniCare be directed to deposit the subject life insurance proceeds into the Registry of the Court, with any applicable interest, and minus attorney fees and costs in the amount of $3,750.00, within 30 days of the date of a final order disposing of this Motion.

(3) That upon depositing said funds, Plaintiff UniCare be dismissed from this case,

and be discharged from any further claims and/or liability arising out of or related to the subject life insurance policy.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: November 4, 2013

I hereby certify that a copy of the foregoing document was sent to parties of record on November 4, 2013, electronically and/or by U.S. mail.

                                                  s/Carolyn Ciesla for Michael Williams
                                                  Relief Case Manager for the Honorable
                                                  R. Steven Whalen